UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 16-127-DLB

TOMMY ALEXANDER, SR.,                                                    PETITIONER

vs.                         **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, WARDEN,                                                   RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Tommy Alexander, Sr., a/k/a Tommy Alexander, is an inmate confined by the Bureau of Prisons at the United States Penitentiary – McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Alexander has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and an amended § 2241 petition (Doc. # 5), challenging his classification as an "armed career criminal" and the resulting seven concurrent life sentences which he is now serving. Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, the habeas petition will be denied.

I.   **Factual and Procedural Background**

In 1990, Alexander was convicted in federal court in Houston, Texas, of numerous counts of manufacturing, distributing, and possessing with intent to distribute controlled substances (cocaine base), plus a firearms count, and in May 1990, he was sentenced to several concurrent terms of life imprisonment. *United States v. Alexander*,

1

No. 4:89-CR-331-1 (S.D. Tex. 1989).[1] Alexander appealed, but in March 1992, the Fifth Circuit Court of Appeals affirmed his convictions. In July 1992, Alexander filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging the use of false testimony by the prosecution, a *Brady* discovery violation, and ineffective assistance of counsel during his criminal proceeding. In September 1992, the trial court denied that § 2255 motion without articulating reasons for its denial, Alexander appealed, and the matter was remanded. *United States v. Alexander*, 987 F.2d 770 (5th Cir. 1993). On remand, the trial court entered findings of fact on August 31, 1994, in support of its denial of the § 2255 motion. *United States v. Alexander*, Civ. No. H-92-1979, 1994 WL 494696 (S.D. Tex. Aug. 31, 1994).

Since that time, Alexander has filed numerous unsuccessful post-conviction motions in his criminal proceeding, and numerous § 2241 habeas petitions, attempting to collaterally attack his conviction and sentence. In November 2011, the Fifth Circuit warned Alexander that his frivolous, repetitive, and abusive filings related to relief under § 2255 would invite the imposition of sanctions. *See United States v. Alexander,* 451 F. App'x 466, 468 (5th Cir. 2011). Undeterred, Alexander continued to seek relief under § 2255 based on frivolous arguments, which culminated in the Fifth Circuit sanctioning Alexander by imposing a $100 fine, stating that until Alexander paid that fine, "he may file no more appeals or initial pleadings challenging the validity of this conviction and sentence, whether those challenges are governed by § 2241, § 2255, or any other

---

[1] Because Alexander was sentenced in May 1990, many years before the advent and implementation of the Public Access to Court Electronic Records ("PACER") system, the federal judiciary's on-line database, the Court is unable to electronically view many of the pleadings and orders, including the Criminal Judgment, entered in Alexander's federal criminal proceeding.

statutory provision, in this court or in any court under this court's jurisdiction." *United States v. Alexander*, 544 F. App'x 331, 332 (5th Cir. 2013).

In his § 2241 petition, Alexander first alleges that the district court should have sentenced him under the applicable provisions of the United States Sentencing Guidelines ("USSG") instead of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e).[2] Alexander first claims that at sentencing, the district court verbally stated that it intended to sentence him to the maximum range under USSG § 4A1.1(a), not under the ACCA, but that when it entered the Criminal Judgment, it imposed several concurrent life sentences under the ACCA. (Doc. # 1-1 at 3-5). Second, Alexander contends that at sentencing the district court treated four prior convictions for armed robbery, all of which were sentenced on the same day in 1971, as four separate prior offenses under the ACCA, instead of as one prior offense, and thus improperly calculated his sentences under 18 U.S.C. §§ 922(g), 924(e)(1). (*Id.*). Third, Alexander claims that his § 922(g) firearm sentences exceed the statutory maximum and violate the Due Process Clause contained in the Fifth Amendment of the U.S. Constitution. (*Id.* at 5).

Fourth, Alexander claims that his "illegal sentences to Life Imprisonment are being used by the Federal Bureau of Prisons to Disallow petitioner the right to receive similar treatment while serving his sentence in violation of the 14th Amendment to the U.S. Constitution." (Doc. # 1 at 7). While suffering from a lack of clarity, this statement suggests that Alexander may be alleging that the BOP has denied him equal protection

---

[2] Generally, the ACCA increases sentences for certain offenders who have three prior convictions for violent felonies or serious drug offenses. *See* 18 U.S.C.A. § 924(e)(1). Specifically, the statute enhances the sentence of a person convicted of a § 922(g) firearm offense, if that person has three previous convictions for a violent felony or serious drug offense, or both, committed on different occasions from one another. *Id.*

Case: 6:16-cv-00127-DLB Doc #: 7 Filed: 08/29/16 Page: 4 of 12 - Page ID#: 125

in violation of the Fifth Amendment of the U.S. Constitution. As supporting grounds for this assertion, Alexander alleges that a United States Probation officer erroneously concluded that he qualified as an armed career offender under 18 U.S.C. § 924(e), and he again reiterates that the district court intended to sentence him under USSG § 4A1.2(a)(2)(B) instead of the ACCA. (*Id.*). In the "Request for Relief" section of his § 2241 petition form, Alexander seeks an order vacating his sentences "under Johnson and Welch," (without explaining how these cases pertain to him), and an order remanding his case to the district court for an evidentiary hearing with the appointment of counsel. (*Id.* at 8).

In his amended § 2241 petition (Doc. # 5), Alexander challenges the validity of his § 922(g) conviction for being a felon in possession of a firearm, and points to his trial counsel's motion during his criminal proceeding, in which his counsel sought an acquittal on Counts 11, 12, and 13 of the Indictment based on the government's failure to prove that Alexander possessed three different firearms. (*Id.*). Alexander also challenges the sufficiency of the evidence used to convict him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*Id.*). Alexander attached the affidavits of Paul Charles Looney (dated March 27, 2003) and Nelson Jason (dated April 16, 2002), who dispute the accuracy of the government witnesses' testimony and evidence submitted against Alexander at trial. (Doc. # 5-1 at 1-4). Alexander also attached other excerpts from his criminal trial in which his counsel moved for a judgment of acquittal on the various § 922(g) firearm counts. (*Id.* at 5).

## II.     Analysis

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). However, because Alexander is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). At this stage of the proceedings, the Court accepts Alexander's factual allegations as true and liberally construes his legal claims in his favor.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence. A federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (that is, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

5

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255, as opposed to § 2241, provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule. Under this clause, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

In his § 2241 petition, Alexander is not challenging the manner in which the Bureau of Prisons is executing his concurrent life sentences. Instead, Alexander challenges the sufficiency of the evidence used to convict him of the § 922(g) firearm counts and the fact that he was sentenced under the ACCA instead of the USSG, claiming that his sentence exceeds the statutory maximum. In short, Alexander is challenging the constitutionality of his conviction on Fifth and Sixth Amendment grounds under § 2241 via the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255 is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply

6

where a prisoner failed to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it. *Id.* at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Alexander has not carried that burden in this § 2241 proceeding. Alexander challenges the sufficiency of the evidence presented against him during his criminal trial; claims that he was improperly sentenced under the ACCA instead of the USSG; claims that the district court treated his 1971 armed robbery offenses as four predicate offenses instead of one; and claims that his concurrent life sentences exceed the statutory maximum. Alexander either knew, or should have known, of the facts and circumstances supporting all of these arguments when he filed his direct appeal of his conviction to the Fifth Circuit,[3] or at the latest, when he filed his § 2255 motion in the

---

[3] Alexander has attached a copy of the Fifth Circuit's March 16, 1992, opinion affirming his conviction and sentence on direct appeal, in *United States v. Alexander*, No. 90-2508 (5th Cir. Mar. 16, 1992). (*See* Doc. # 1-2 at 28-37). In that decision, the Fifth Circuit identified and rejected as without merit the specific claims that Alexander raised on direct appeal, which were claims alleging jury tampering; the district court's improper discussion of the case with a juror; the improper admission of a tape recording of a conversation with an alleged co-conspirator; the improper admission of audio-tapes; the district court's failure to sever the possession of firearm counts from the drug counts; that the government failed to inform his trial counsel about a health card bearing his name found near the guns found in his nightclub; the introduction of evidence procured illegally without a search warrant; and that the district court improperly referred to him as a "punk" at sentencing. (*Id.*). In his direct appeal, Alexander did not allege that he was improperly sentenced under the ACCA instead of the USSG; that the district court improperly treated his 1971 armed robbery offenses as four separate prior convictions instead of one prior conviction; or that his sentence exceeds the statutory maximum.

district court. None of Alexander's arguments contain new facts or circumstances which would warrant relief under § 2241. As *Charles* dictates, Alexander cannot use § 2241 to recycle the same claims which either could have been asserted, or were asserted and rejected in a § 2255 motion, because § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). A petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

In his petition, Alexander invokes the holding of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), as void for vagueness, in support for his argument that his concurrent life sentences should be set aside. Without question, the Supreme Court has held that *Johnson* applies retroactively to cases on collateral

review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). But the retroactive application of *Johnson* requires a sentence that has actually been enhanced under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). Here, Alexander states no claim for habeas relief based on *Johnson* and *Welch*, because the district court did not employ the residual clause of the ACCA when it imposed Alexander's seven concurrent life sentences in May 1990.

Through PACER, this Court has ascertained that on May 13, 2016, Alexander filed a motion in the Fifth Circuit Court of Appeals, seeking permission to file a second or successive § 2255 motion in the district court based on *Johnson*. *In re Alexander*, No. 16-20297 (5th Cir. May 13, 2016). On June 21, 2016, the Fifth Circuit denied Alexander's request to file a successive § 2255 motion, explaining as follows:

> To the extent that [Alexander] was sentenced under the ACCA based upon his convictions in Louisiana for armed robbery, those offenses are violent felonies under the elements clause of the ACCA, § 924(e)(2)(B)(i), which was not addressed in *Johnson*…. **His claim that his convictions for armed robbery were consolidated and, thus, were not separate violent felonies for purposes of the ACCA is not implicated by *Johnson*.**

*Id*. at 2 (emphasis added).

Thus, as the Fifth Circuit explained just two months ago, *Johnson* has no bearing on Alexander's case. Therefore, Alexander states no possible grounds for habeas relief under § 2241, or under any other statutory mechanism, based on *Johnson* and *Welch*.

9

Despite the Fifth Circuit's ruling of June 21, 2016, Alexander filed the instant § 2241 petition six days later, on June 27, 2016, seeking relief under *Johnson* and *Welch*.

Further, another consideration justifies dismissal of Alexander's § 2241 petition. To the extent that Alexander complains about alleged sentencing errors, he does not assert a valid claim under § 2241. The Sixth Circuit has never extended the savings clause to a § 2241 petitioner who seeks to challenge the enhancement of his or her sentence. In fact, the Sixth Circuit has repeatedly held that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (a prisoner's challenge to his sentencing enhancement under 21 U.S.C. §§ 841 and 846 is not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

Finally, Alexander claims that the Bureau of Prisons is denying him equal protection of the law based on the statement made by a United States Probation officer that Alexander fell under the sentencing scheme of the ACCA. The Equal Protection Clause provides that 'all persons similarly situated should be treated alike.'" *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Under the Equal Protection Clause, the

government is prohibited from engaging in discrimination that: (1) burdens a fundamental right; (2) targets a suspect class; or (3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) (citation omitted).

The third prong, commonly known as a "class-of-one theory," requires a plaintiff to prove that he was intentionally treated differently from other similarly situated individuals without a rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff establishes that government action lacks a rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc.*, 430 F.3d at 788 (citation omitted).

Alexander cites no facts suggesting that he has been singled out or treated differently from other similarly situated federal prisoners, or that he has been denied equal protection for any reason with respect to the administration of his federal sentences. Even if Alexander had made such allegations, the claims would not be appropriate for a § 2241 petition; such claims would have to be asserted in a civil rights proceeding. Habeas corpus relief is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Thus, Alexander states no claim for habeas relief with respect to his alleged "equal protection" claim.

In summary, because Alexander cites no new rule of law made retroactive by a Supreme Court case *that applies to the facts of his case*, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences, Alexander's § 2241 habeas petition will be denied.

### III. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

1. Petitioner's 28 U.S.C. § 2241 petition for a writ of habeas corpus (Doc. # 1) and the amended § 2241 petition (Doc. # 5) are **DENIED**;

2. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of August, 2016.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Alexander 16-127-DLB Dism 2241 CKS.doc